**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================

MOLLY FELDMAN individually and
on behalf of all others similarly situated

                            Plaintiff,

        -against-

CENTRAL CREDIT SERVICES LLC
F/K/A VELDOS, LLC

                            Defendant.

=====================================

## CLASS ACTION COMPLAINT

### *Introduction*

1.      Plaintiff Molly Feldman files this Complaint seeking redress for the illegal

practices of Central Credit Services LLC f/k/a Veldos, LLC, in connection with the

collection of a debt allegedly owed by the consumer in violation of the Fair Debt

Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2.      Plaintiff is a citizen of the State of New York who resides within this

District.

3.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the

FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a

consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Ramsey, New Jersey.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Molly Feldman

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about June 25, 2015, Central Credit Services LLC f/k/a Veldos, LLC sent a collection letter to the Plaintiff Molly Feldman. (see attached exhibit)

11.    The said letter was an effort to collect on a consumer debt.

12.    Said letter stated as follows: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you

request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

13.     Said letter misrepresented Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4).

14.     15 U.S.C. § 1692g(a) of the FDCPA states:

"Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3);

15.     The written notice must also contain:

a statement that if the consumer notifies the debt collector in writing … **that the debt, *or any portion thereof*, is disputed**, the debt collector will obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4).  (emphasis added.)

16.     In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson,* 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." *Id.*

17.     Defendant failed to send Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant in writing within the thirty-day period **that the debt, or any portion thereof, is disputed**, Defendant would obtain verification of the debt and

that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

18.     Defendant's letter failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

19.     The least sophisticated debtor could be led to believe that his notification to the debt collector is merely in order to obtain verification of the debt, <u>but not to dispute the debt</u>.

20.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[1]

21.     Defendant's June 25, 2015 letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

22.     Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

---

[1] See *Foresberg v. Fidelity Nat'l Credit Servs., Ltd.*, 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.), *Bailey v. TRW Receivables Mgmt. Servs., Inc.*, 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990) (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.), *McCabe v. Crawford & Co.*, 210 F.R.D. 631 (N.D. Ill. 2002) (A claim was stated where the collector's letter failed to inform the consumer that he may dispute "any portion" of the debt.), *Beasley v. Sessoms & Rogers, P.A.*, 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010) (The court found that the validation notice violated § 1692g(a)(4) by omitting the "in writing" requirement that she could dispute any portion of the debt.)

23.     This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

24.     The identities of all class members are readily ascertainable from the records of Central Credit Services LLC f/k/a Veldos, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

25.     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Central Credit Services LLC f/k/a Veldos, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

26.     There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

27.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

28.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

29.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

30. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

*FIRST CAUSE OF ACTION*

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     This cause of action is brought on behalf of Plaintiff and the members of a class.

36.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

*Violations of the Fair Debt Collection Practices Act*

37.     The Defendant's actions as set forth above in the within complaint violates the FDCPA.

38.     Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

39.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a)  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b)  Attorney fees, litigation expenses and costs incurred in bringing this action; and

c)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   May 9, 2016

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace
David Palace esq. (DP 3855)

# Central Credit Services LLC

*Formerly Veldos LLC*

PO BOX 358
RAMSEY NJ 07446
CHANGE SERVICE REQUESTED

500 North Franklin Turnpike, Suite 200, Ramsey, NJ 07446

800-336-3940

OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY & 8AM-12PM SATURDAY

June 25, 2015

Central Credit ▮▮▮375

ՈւՈ|Ու|Ո||Ո••|||Ո|ո|ո••|||Ո••|||Ո••|Ո||ո|Ո|||Ո||Ո|ո|••|Ո•|
Molly Feldman
1802 Avenue O
Brooklyn NY 11230-6718

CREDITOR: AMERICAN EXPRESS (US)
CREDITOR'S ACCOUNT # XXXXXXXXXX32001
REGARDING: ▮Redacted▮ USD
CURRENT BALANCE: $20,410.90

Please be advised that we have been requested by AMERICAN EXPRESS (US) to assist them in the collection of the amount set forth above.

You may contact us at 800-336-3940 if you have any questions or if you would like to discuss this matter further.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

## NOTICE:  SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

274GLVELD01RS001

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

Central Credit Services LLC
500 North Franklin Turnpike, Suite 200
Ramsey, NJ 07446

800-336-3940

OFFICE HOURS (EST):
8AM-9PM MONDAY - THURSDAY
8AM-5PM FRIDAY & 8AM-12PM SATURDAY

| Central Credit # | Current Balance Due |
|---|---|
| ▮Redacted▮75 | $20,410.90 |

MOLLY FELDMAN
REGARDING: ▮Redacted▮ USD

Payment Amount     $ _____

☐ Check here if your address or phone number has changed and provide the new information below.

Make Payment To:

CENTRAL CREDIT SERVICES LLC
PO BOX 357
RAMSEY NJ 07446-0357
Ill••ll••ll•|l.|l.|l.|l.|ll••|l••ll•|l.|l.|l.|l.|l.|ll

620842787